UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven M. Caryer,                         Case No.   3:14-cv-2287

          Plaintiff

    v.

                                         MEMORANDUM OPINION
Dr. Stine, *et al.*,                         AND ORDER

          Defendants

      *Pro se* plaintiff Steven M. Caryer, a prisoner incarcerated in the North Central Correctional Institution (NCCI), filed this civil rights action under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs. He names as defendants three employees on NCCI's medical staff (Dr. Stine, Mrs. Donughue, and Mrs. Dixon); Ohio Department of Rehabilitation and Correction (ODRC) Director Gary Mohr; "MTC Chief Operations Officer"; ODRC Chief Medical Officer Mona Parks; "ODRC Panel"; and Mrs. Schuler "NCCI Institutional Inspector." For the reasons stated below, I am dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

**PLAINTIFF'S ALLEGATIONS**

      The plaintiff alleges he was injured in a motor vehicle accident in 1996, and has been under "pain management," and received pain medications, ever since. In November 2012, he became incarcerated in county jail, which "honored [his pain] medications." He alleges that, since he was transferred to NCCI in March 2013, he has been denied the pain medications he was previously "receiving on the streets." He alleges one prison doctor "agreed that [he] was in some pain" but

1

told the plaintiff prison policy prohibited prescribing the plaintiff ultram or nuerotin. The doctor "was only allowed to give [him] naproxen which was given to [him] and then shortly taken away." The plaintiff alleges he told prison doctors "naproxen was not enough to alleviate his pain yet they wouldn't prescribe any other meds."

The plaintiff alleges he was seen by Nurse Gould in NCCI in March 2014, who referred him to Dr. Stine. Dr. Stine "ordered x-rays and when he got the results . . . told [the plaintiff] that the results were essentially within normal limits of a 31 year old man." Dr. Stine "dismissed [the plaintiff's] pain" and refused to prescribe him the pain medications he desired. The plaintiff "filled out many (hsr) forms" to see a doctor again. He was last seen by a prison doctor in July 2014, who again "reffered [sic] to NCCI policy and refused to give [him] medication." The plaintiff alleges: "Dr. Stine refuses to see me or give me medications that would help alleviate my pain issues"; "MTC [has] refused to step in"; "the ODRC Chief Medical Inspector has not done anything to help"; and Gary Mohr "hasn't ordered to the staff of mtc to send me to a specialist." Finally, he alleges the "ODRC Panel . . . decides if [a] request for [a] specialist will be granted with-out reviewing our patient medical files."

The plaintiff seeks compensatory and punitive damages for "the years of unnecessary pain and suffering inflicted upon [him]."

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required to dismiss *sua sponte* any *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B), and any action brought by a prisoner against a government official employee under 28 U.S.C. § 1915A, the court determines is frivolous or malicious, fails to state a claim on which relief may granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

2

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In determining whether a complaint states a claim, the court construes it in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Arrow v. Fed. Res. Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). The court does not accept legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

## ANALYSIS

"Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994), citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "In addition, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). *See also Thomas v. Coble*, 55 Fed. App'x 748, 749 (6th Cir. 2003) ("[Plaintiff] and Dr. Coble clearly disagreed over the preferred medication to

treat [Plaintiff's] pain. However, this difference of opinion does not support an Eighth Amendment claim.").

Further, the Sixth Circuit has stated in the context of deliberate indifference claims:

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Westlake v. Lucas*, 527 F.2d 857, 860 n. 5 (6th Cir. 1976).

The essence of the plaintiff's deliberate indifference claims is that Dr. Stine and other prison medical staff have refused to prescribe him the pain medications he desires and previously received "on the streets." However, his complaint on its face indicates he was seen on several occasions by NCCI medical staff who assessed his pain concerns (including by taking x-rays). But Dr. Stine disagreed with the plaintiff's contention that the strong pain medications the plaintiff desires are appropriate for his condition. Further, prison policy prohibits prescribing those medications. A doctor's failure to prescribe an inmate specific medication does demonstrate deliberate indifference to the inmate's medical needs. *Ruley v. Corr. Corp. of Am.*, Case No. 11-36-ART, 2013 WL 1815039, at *3 (E.D. Ky. 2013), citing *Mabry v. Antonini*, 289 Fed. App'x 895, 902 (6th Cir. 2008).

In sum, the plaintiff's allegations are insufficient to state a plausible claim that Dr. Stine, or any other prison doctor or member of the prison medical staff, was "deliberately indifferent" to his medical needs within the meaning of the Eighth Amendment. Rather, the plaintiff's allegations are that he received medical attention but is dissatisfied and disagrees with the medical treatment he has received.

In the absence of a plausible, underlying constitutional claim, the plaintiff has not alleged a claim on which relief may be granted against any defendant in the case under §1983.[1]

---

[1] To state a claim under §1983, a plaintiff must allege: (1) that the alleged misconduct was committed by a person

treat [Plaintiff's] pain. However, this difference of opinion does not support an Eighth Amendment claim.").

Further, the Sixth Circuit has stated in the context of deliberate indifference claims:

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Westlake v. Lucas*, 527 F.2d 857, 860 n. 5 (6th Cir. 1976).

The essence of the plaintiff's deliberate indifference claims is that Dr. Stine and other prison medical staff have refused to prescribe him the pain medications he desires and previously received "on the streets." However, his complaint on its face indicates he was seen on several occasions by NCCI medical staff who assessed his pain concerns (including by taking x-rays). But Dr. Stine disagreed with the plaintiff's contention that the strong pain medications the plaintiff desires are appropriate for his condition. Further, prison policy prohibits prescribing those medications. A doctor's failure to prescribe an inmate specific medication does demonstrate deliberate indifference to the inmate's medical needs. *Ruley v. Corr. Corp. of Am.*, Case No. 11-36-ART, 2013 WL 1815039, at *3 (E.D. Ky. 2013), citing *Mabry v. Antonini*, 289 Fed. App'x 895, 902 (6th Cir. 2008).

In sum, the plaintiff's allegations are insufficient to state a plausible claim that Dr. Stine, or any other prison doctor or member of the prison medical staff, was "deliberately indifferent" to his medical needs within the meaning of the Eighth Amendment. Rather, the plaintiff's allegations are that he received medical attention but is dissatisfied and disagrees with the medical treatment he has received.

In the absence of a plausible, underlying constitutional claim, the plaintiff has not alleged a claim on which relief may be granted against any defendant in the case under §1983.[1]

---

1 To state a claim under §1983, a plaintiff must allege: (1) that the alleged misconduct was committed by a person

CONCLUSION

For the reasons stated above, I am dismissing this action in its entirety under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/Jeffrey J. Helmick
United States District Judge

---

acting under color of state law; and (2) that as a result, he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988).